Gregory B. Smith (USB #6657)
GREG SMITH & ASSOCIATES
111 East 5600 South, Suite 105
Murray, Utah  84107
Telephone: (801) 641-3397
*gs@justiceinutahnow.com*

    *Attorney for Plaintiff, Robert Redmond*

**IN THE UNITED STATES DISTRICT COURT,
STATE OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROBERT REDMOND,<br><br>    Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION CO. AZ LLC and JOHN DOES I-III.<br><br>    Defendants. | **COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff, Robert Redmond, by and through his undersigned attorney, hereby complains against the above-captioned Defendant, demanding a trial by jury and seeking relief as follows:

### I.   PARTIES

1. Plaintiff, Robert Redmond, is a Utah citizen who lives in Kearns, Utah, and is

still employed by Defendants.

2. Defendant Swift Transportation ("Swift") is a (dba) domestic corporation. Entity Number: 6309245-016; Company Type: LLC – Foreign; Address: 5175 W 2100 S West Valley City, UT 84120; State of Origin: DE; Registered Agent: NATIONAL REGISTERED AGENTS, INC; Registered Agent Address: 1108 E SOUTH UNION AVENUE; Midvale, UT 84047.

3. John Does are individuals who are presumed to reside in Utah or Arizona.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction under the United States Fair Labor Standards Act of 1938, §§ 7, 15(a)(3), 29 U.S.C.A. §§ 207, 215(a)(3); 29 C.F.R. § 778.111. The Court also has supplemental jurisdiction pursuant to 28 U.S. Code § 1367. Venue is proper in this Court (pursuant to 28 U.S.C. § 1391) because the activities took place in Utah.

## III. STATEMENT OF FACTS/CLAIM

5. Swift Transportation is a covered enterprise for purposes of the United States Fair Labor Standards Act, and is also governed by the United States Department of Transportation.

6. Plaintiff has been employed for Defendants for about ten years.

7. Plaintiff was hired as a driver by Troy Favaro and Defendant(s) on or about

February 8, 2008.

8. Terry Ellis (Terry), Trent Bingham, Cindy Johnson (Cindy) and Thor Church have been or are Plaintiff's supervisors.

9. Upon hire, Plaintiff's regular rate of pay was $13.50 per hour.

10. Plaintiff's current regular rate of pay is $17.00 per hour (this has been Plaintiff's regular rate of pay for the past three years).

11. Defendants offer Plaintiff vacation time as a "bonus," which is earned (part of his wages).

12. Plaintiff receives a single annual "bonus plus vacation pay" of $1,800 on his employment anniversary (the equivalent of about 105 hours or 2 ½ 40-hour weeks at Plaintiff's current pay rate).

13. The office staff accrues about four weeks of vacation time each year.

14. Plaintiff's job duties included pick-up from Costco's "hub" and delivery to individual Costco stores (in Utah only). In other words, there are local runs.

15. Over the past three years, Plaintiff has not been reasonably expected to engage in or to be asked to engage in duties in connection with interstate transport of property in the ordinary course of his work, at least from time to time.

16. When Defendants let their Costco contract go, Plaintiff's position and job duties became muddled.

17. On a daily basis, Plaintiff performs duties that go above and beyond those he was hired to perform.

18. Presently, Plaintiff moves trailers for Defendants.

19. For example, Plaintiff is still classified as a driver and paid like a driver; however, Plaintiff performs driver duties, office duties and some yard maintenance duties.

20. Over the past years, Plaintiff has routinely worked overtime, for which he has only been paid his regular hourly rate, and Defendants have been fully aware of such.

21. When Defendants scheduled Plaintiff to work five days per week (Monday through Friday), Defendants scheduled Plaintiff for 12-14 hours each day (approximately 60-70 hours per week and 20-30 overtime hours per week).

22. These were not hours that Plaintiff found himself working off-the-clock; rather, these were hours that Plaintiff was scheduled to work by Defendants.

23. Currently, Plaintiff is scheduled to work 12 hours each day, four days per week (approximately 48 hours per week and at least 8 overtime hours per week).

24. Plaintiff has raised the issue of overtime (and improper payment for overtime).

25. Plaintiff recalls raising the issue of overtime with Terry at least once.

26. Terry Ellis' response was: *That's just the way it is. I don't have any control over that* (overtime).

27. Plaintiff is required to attend staff meetings and trainings regardless of whether or not he is scheduled to work that day (Plaintiff is not paid for this time).

28. During the past three years, on multiple occasions, Cindy and Terry have failed to process payroll on time (in other words, Plaintiff did not receive his wages on a regular payday); thus, he was not paid minimum wage.

29. When payroll is not processed timely, Defendants (a) pay Plaintiff with a "comdata card"(instead of by direct deposit), or (b) pay Plaintiff the following week.

30. Comdata cards are typically used to pay for fuel for the trucks.

31. Plaintiff is unable to transfer funds from a comdata card to his bank account (and accessing comdata funds from an ATM incurs fees that reduce Plaintiff's pay).

32. Plaintiff estimates he is owed *thousands of dollars* in unpaid overtime wages:

    a. For about the last three years, Plaintiff's regular rate of pay has been $17 per hour.

    b. Defendants have regularly scheduled Plaintiff to work between 45 hours and 60 hours per week during his employ for Defendants.

c. Plaintiff was only paid $17 per hour for these overtime hours.

d. Plaintiff is owed an additional $8.50 per overtime hour worked, plus liquidated damages.

e. Plaintiff is owed between $68 (at 8 hours of overtime per week) and $255 (at 30 hours of overtime per week) for each week Plaintiff worked.

f. The company has the hours, and the precise computations should be known by them.

g. In other words, for each year Plaintiff worked for Defendants, Plaintiff is owed between $3,536 and $13,260 in unpaid overtime wages.

h. Plaintiff is owed an equal amount for liquidated damages.

i. The time Plaintiff spent attending mandatory staff meetings and trainings without pay has not been factored into these figures.

## IV.   CAUSES OF ACTION

Any cause of action the facts – now known or unknown – support, and violation of the United States Fair Labor Standards Act (failing to pay minimum wage and overtime wages).

## V.   PRAYER FOR RELIEF

IN WITNESS WHEREOF, with respect to all counts set forth in this Complaint, Plaintiff demands as follows:

1. That the Court order Defendants pay all costs and fees connected with the prosecution of this action, plus reasonable attorney's fees.
2. That this Court enter an Order granting Plaintiff judgment against Defendants for any other damages or losses suffered by Plaintiff as a result of the actions described herein.
3. For such other, further, special, extraordinary and general relief to which Plaintiff is entitled under the circumstances of this cause.
4. That the Court award pre- and post-judgment interest.

DATED this 20th day of July, 2018.

/s/ Gregory B. Smith, Attorney for Plaintiff